IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| NOVEDEA SYSTEMS, INC. and ANAND DASARI<br>*Plaintiffs*, | §<br>§<br>§<br>§ | CIVIL ACTION NO.:  6:20-cv-180-JDK |
| v. | §<br>§ | |
| COLABERRY, INC. and RAM KATAMARAJA<br>*Defendants*. | §<br>§<br>§<br>§ | JURY TRIAL DEMANDED |

**RAM KATAMARAJA'S MOTION FOR PARTIAL SUMMARY JUDGMENT
AGAINST NOVEDEA SYSTEMS, INC.
<u>FOR LACK OF AUTHORITY TO FILE AND PROSECUTE THIS CASE</u>**

*FILED UNDER SEAL - PURSUANT TO PROTECTIVE ORDER[1]*

Rajkumar Vinnakota, Lead Attorney
Texas Bar No. 24042337
Sean N. Hsu
Texas Bar No. 24056952
Janik Vinnakota LLP
8111 LBJ Freeway, Suite 790
Dallas, TX 75251
Tel.: (214) 390-9999
Fax: (214) 586-0680
kvinnakota@jvllp.com
shsu@jvllp.com

COUNSEL FOR DEFENDANTS
COLABERRY, INC. AND
RAM KATAMARAJA

---

[1] Pursuant to the Protective Order previously entered in this case, Defendants are filing the instant motion and its exhibits under seal because the contents contain sensitive financial information that has been designated confidential, highly confidential and/or attorneys' eyes only. Dkt. 38.

**TABLE OF CONTENTS**

I. INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED .................................................1

II. UNDISPUTED FACTS .................................................................................................2

    A. Katamaraja is Novedea's only Director. ...........................................................2

    B. Dasari engaged attorneys on Novedea's behalf and directed them to file this lawsuit. ..........................................................................................................7

III. ARGUMENT ..............................................................................................................8

    A. The Court must dismiss all of Novedea's claims because Dasari lacked authority to direct Novedea to file this lawsuit and lacks authority to control Novedea's prosecution of this case. ............................................8

    B. No Additional Discovery is Needed to Resolve this Motion. ........................10

IV. CONCLUSION..........................................................................................................10

## TABLE OF AUTHORITIES

**Cases**

*Bauer v. Albemarle Corp.*,
   169 F.3d 962 (5th Cir. 1999) ............................................................................................... 10

*Candle Meadow Homeowners Ass'n v. Jackson*, No. 05-17-01227-CV,
   2018 WL 6187616 (Tex. App.—Dallas Nov. 27, 2018) ............................................................ 9

*Hanmi Fin. Corp. v. SWNB Bancorp, Inc.*, No. 4:18-3546,
   2019 WL 937195 (S.D. Tex. Feb. 26, 2019) ............................................................................ 8

*Harrison v. City of San Antonio*,
   695 S.W.2d 271 (Tex. App. 1985) ........................................................................................... 9

*Nanney Chev. v. Evans Moses*,
   601 S.W.2d 411 (Tex. Civ. App. 1980) .................................................................................... 9

*Nolana Open MRI Ctr., Inc. v. Pechero*, No. 13-13-00552-CV,
   2015 WL 601916 (Tex. App.—Corpus Christi-Edinburg Feb. 12, 2015, no pet.) ..................... 9

*Rutherford v. Muniz*,
   280 Fed. Appx. 337 (5th Cir. 2008) ....................................................................................... 10

*Square 67 Development Corp. v. Red Oak State Bank*,
   559 S.W.2d 136 (Tex. Civ. App. 1977) .................................................................................... 9

*Street Star Designs, LLC v. Gregory*,
   2011 WL 3925070 (S.D. Tex. Sept. 7, 2011) ........................................................................... 9

*Washington v. Allstate Ins. Co.*,
   901 F.2d 1281 (5th Cir. 1981) ............................................................................................... 10

*Waterman v. McKinney Indep. Sch. Dist.*,
   2014 U.S. Dist. LEXIS 79269 (E.D.Tex. Jun. 11, 2014) ......................................................... 10

**Statutes**

Tex. Bus. Org. Code § 21.401 ........................................................................................................ 9

Tex. Bus. Org. Code § 21.403 ........................................................................................................ 8

Tex. Bus. Org. Code § 21.407 .................................................................................................... 8, 9

Tex. Bus. Org. Code Ann. § 1.006 ................................................................................................. 8

Tex. Bus. Org. Code Ann. § 21.401 ............................................................................................... 8

## I.    INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED

This motion presents the Court with a single issue to decide:[2]

> Under Texas law, the board of directors, not the shareholders, of a Texas corporation exercises all the powers of the corporation. Novedea is a Texas corporation. Dasari is a Novedea shareholder and former officer but has never been a director. Without board approval, Dasari engaged attorneys on Novedea's behalf and directed them to file this lawsuit. Does Dasari, as a shareholder, have the authority to file this lawsuit in Novedea's name?

This is not a close question.

Under the Texas Business and Organizations Code, Katamaraja, as Novedea's sole director, is the only individual who may direct the management of Novedea's business and affairs.[3] Thus, only Katamaraja may authorize Novedea to file a lawsuit. And Katamaraja has previously exercised that authority by having Novedea file the co-pending lawsuit against Dasari in the 471st Judicial District in Collin County.

Nevertheless, Dasari engaged attorneys on Novedea's behalf and directed them to file this lawsuit without either Katamaraja's or the Board's approval. Dasari is a Novedea shareholder and former officer of Novedea but neither of those roles gives him the power to bring a suit in Novedea's name.

Accordingly, the Court should dismiss Novedea's claims against all Defendants because Novedea's board of directors neither authorized this lawsuit nor wish to continue it.

---

[2] This Motion is based on Plaintiffs' First Amended Complaint. Dkt. 18. Defendants understand that Novedea's claims remain live, notwithstanding the pending motion for leave to amend. Dkt. 62 at 2 (and pending complaint filed as Dkt. 63). But if leave is granted by the Court, the verbatim Novedea claims are still at issue here and ripe for the Court's decision.

[3] TEX. BUS. ORGS. CODE ANN. § 21.401 ("[T]he board of directors of a corporation shall:(1) exercise or authorize the exercise of the powers of the corporation; and (2) direct the management of the business and affairs of the corporation.")

1

## II. UNDISPUTED FACTS

### A. Katamaraja is Novedea's only Director.

1. Novedea filed its Articles of Incorporation as a Texas corporation on May 26, 2005.[4]

2. Novedea's Articles of Incorporation set the "number of directors constituting the initial board of directors" to be one and listed Kavitha Ramanna as that director.[5]

> The number of directors constituting the initial board of directors are ONE (1) and the name and address of the persons who will serve as director until successors are elected and qualified is:
> KAVITHA RAMANNA, 6060 VILLAGE BEND DRIVE, STE 2007, DALLAS, TEXAS 75206.

3. The Articles of Incorporation also authorized the issuance of 10,000 shares at a par value of $1.00.[6]

4. ███████████████████████████████████████████
███████████████████████████████████████████
████████████████████████[7]

5. On January 27, 2012, Katamaraja and Dasari filed a lawsuit against the other Novedea shareholders in the 68th Judicial District Court of Dallas County.

6. On February 27, 2012, Katamaraja and Dasari entered into a Settlement Agreement and Release ("Settlement Agreement") to settle the lawsuit.[8]

7. Integral to the Settlement Agreement was the defendants' agreement to transfer their

---

[4] *See* Affidavit of Katamaraja ("Katamaraja Aff."), Exs. A, B.
[5] *See* Katamaraja Aff., Ex. A at 2.
[6] *Id.* at 1.
[7] *See* Katamaraja Aff., Ex. C at 6; Katamaraja Aff., Ex. D at 9; Katamaraja Aff., Ex. E at 7.
[8] *See* Katamaraja Aff., Ex. H.

2

Novedea shares pursuant to the Stock Purchase Agreement that was executed simultaneously.[9]

8. Both Dasari and Katamaraja signed the Settlement Agreement in their individual capacities and Katamaraja also signed it on behalf of Novedea.[10]

9. The Stock Purchase Agreement, which was executed that same day, was entered into between Katamaraja and Mr. Govindarajan and Ms. Dasyam and transferred the 7,500 Novedea shares owned by Mr. Govindarajan and Ms. Dasyam to Katamaraja.[11]

> 1.03 **Transfer of Shares:** Upon the Closing, the 7500 Shares will be transferred to the Buyer.

10. This meant that after the Stock Purchase Agreement closed on February 27, 2012, Katamaraja owned 100% of Novedea's shares.[12]

11. Later that same day, February 27, 2012, the Board of Directors of Novedea held an organizational meeting, and the minutes of that meeting state that Katamaraja, as the "undersigned", was the sole member of the initial Board of Directors and waived notice.[13]

> **RESOLVED**, that the undersigned, being the sole member of the initial Board of Directors of NOVEDEA SYSTEMS. INC. named in the Business Corporation's Certificate of Formation filed with the Secretary of State of Texas, by approving the Minutes of the Organizational Meeting of the Directors, and by this resolution, does hereby waive notice of the time and place of the meeting, consents to the meeting and approves the contents of the Minutes of the Organizational Meeting of the Directors.
>
> RAMOHAN YADAV KOTAMARAJA
> Date signed: 02-27-2012

---

[9] *Id.* at § 2 ("In exchange for sellers consent to transfer shares as set forth in the Stock Purchase Agreement…").

[10] *Id.* at 4.

[11] *See* Katamaraja Aff., Ex. F at 1.

[12] *Id.*

[13] *See* Katamaraja Aff., Ex. G at 1, 4.

12. The minutes also reflect that Katamaraja appointed himself to be President and Dasari as Secretary.[14]

> **OFFICERS**
>
> The Chairman of the meeting then called for the election of officers of the Business Corporation. The following persons were nominated to the office preceding their name:
>
> | Office | Name |
> |---|---|
> | President | RAMDHAN YADAV KOTAMARAJA |
> | Secretary | ANANDA BABU DASARI |
>
> No further nominations being made the nominations were closed and the directors proceeded to vote on the nominees. The Chairman announced that the foregoing nominees were elected to the offices set before their respective names to serve as such at the pleasure of the Board of Directors or pursuant to the terms of any written employment agreement executed by the Business Corporation and the respective officer.

13. The minutes also indicate that Novedea issued all 10,000 of its shares to Katamaraja. Dasari signed the minutes in his capacity as Secretary and Katamaraja approved.[15]

> Upon motion duly made, seconded and carried, it was
>
> **RESOLVED**, that the Business Corporation issue 10000 shares of the Business Corporation's authorized shares of common stock (no par value), for a purchase price of $.01 each, as follows:
>
> | Name | No. of Shares |
> |---|---|
> | RAMDHAN YADAV KOTAMARAJA | 10000 |

14. On March 14, 2012, Novedea filed a Certificate of Amendment that listed Katamaraja as the 100% owner of common stock and identified Katamaraja as the Director, President, and CEO.[16]

> ☑ Add each of the following provisions to the certificate of formation. The identification or reference of the added provision and the full text are as follows:
> RAM DHAN Y KOTAMARAJA - DIRECTOR - TITLED AS PRESIDENT & CEO

---

[14] *Id.* at 1, 4.
[15] *Id.* at 2, 3.
[16] *See* Katamaraja Aff., Ex. I at 2.

4

15. On May 15, 2012, Novedea filed its Texas Franchise Tax Public Information Report ("PIR"), which identified Katamaraja as Novedea's President, CEO, and Director.[17]

| SECTION A Name, title and mailing address of each officer, director or member. | | | | |
|---|---|---|---|---|
| Name | Title | Director | | 3201750653912 m m d d y y |
| RAMDHAN Y KOTAMARAJA | PRESIDENT & CEO | ● YES | Term expiration | |
| Mailing address 1750 N COLLINS BLVD STE 212 | City RICHARDSON | | State TX | ZIP Code 75080 |

16. Sometime in 2012, Katamaraja transferred 50% of his Novedea shares to Dasari.[18]

17. On August 5, 2013, Novedea filed its Texas Franchise Tax PIR, which identified Katamaraja as Novedea's President, Chief Executive, and sole Director.[19]

| SECTION A Name, title and mailing address of each officer, director or manager. | | | | 3201750653913 |
|---|---|---|---|---|
| Name RAMDHAN Y KOTAMARAJA | Title DIRECTOR | Director ● YES | Term expiration | m m d d y y |
| Mailing address 1750 N COLLINS BLVD STE 212 | City RICHARDSON | | State TX | ZIP Code 75080 |
| Name RAMDHAN Y KOTAMARAJA | Title PRESIDENT | Director ○ YES | Term expiration | m m d d y y |
| Mailing address 1750 N COLLINS BLVD STE 212 | City RICHARDSON | | State TX | ZIP Code 75080 |
| Name RAMDHAN Y KOTAMARAJA | Title CHIEF EXEC | Director ○ YES | Term expiration | m m d d y y |
| Mailing address 1750 N COLLINS BLVD STE 212 | City RICHARDSON | | State TX | ZIP Code 75080 |

18. On November 17, 2014, Novedea filed its Texas Franchise Tax PIR, which once again identified Katamaraja as Novedea's President, Chief Executive, and sole Director.[20]

19. On September 17, 2015, Novedea filed its Texas Franchise Tax PIR, which once again identified Katamaraja as Novedea's President and sole Director.[21]

20. On November 10, 2016, Novedea filed its Texas Franchise Tax PIR, which still

---

[17] *See* Katamaraja Aff., Ex. J.

[18] Dkt. 32-1 at ¶ 18.

[19] *See* Katamaraja Aff., Ex. K.

[20] *See* Katamaraja Aff., Ex. L.

[21] *See* Katamaraja Aff., Ex. M.

identified Katamaraja as Novedea's sole Director.[22]

21. On November 14, 2018, Novedea filed its Texas Franchise Tax PIR, which once again identified Katamaraja as Novedea's sole Director.[23]

22. On November 13, 2019, Novedea filed its Texas Franchise Tax PIR, which once again identified Katamaraja as Novedea's sole Director.[24]

23. On April 27, 2020, a Written Consent of the Board of Directors of Novedea resolved to remove Dasari from all officer positions that he held at Novedea.[25]

24. Accordingly, the Texas Secretary of State's website currently lists Katamaraja as the sole Director and President of Novedea.[26]

```
TEXAS SECRETARY of STATE
RUTH R. HUGHS
                                    BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY
Filing Number:          800498580              Entity Type:    Domestic For-Profit Corporation
Original Date of Filing: May 26, 2005          Entity Status:  In existence
Formation Date:         N/A
Tax ID:                 32017506539            FEIN:
Duration:               Perpetual
Name:                   NOVEDEA SYSTEMS, INC.
Address:                3737 MAPLESHADE LN
                        Plano, TX 75075 USA

REGISTERED AGENT    FILING HISTORY        NAMES       MANAGEMENT       ASSUMED NAMES    ASSOCIATED ENTITIES
Last Update         Name                  Title       Address
May 6, 2020         RAM DHAN Y KOTAMARAJA Director    1750 N Collins Blvd Ste 212
                                                      Richardson, TX 75080 USA
May 6, 2020         RAM DHAN Y KOTAMARAJA President   1750 N Collins Blvd Ste 212
                                                      Richardson, TX 75080 USA
```

25. As reflected above, there have been no elections to change the board of directors, and accordingly, Katamaraja has been the only director of Novedea since February 27, 2012.[27]

---

[22] *See* Katamaraja Aff., Ex. N.

[23] *See* Katamaraja Aff., Ex. O.

[24] *See* Katamaraja Aff., Ex. P.

[25] *See* Katamaraja Aff. at ¶19.

[26] *See* Katamaraja Aff., Ex. Q.

[27] Katamaraja Aff. at ¶ 7.

### B. Dasari engaged attorneys on Novedea's behalf and directed them to file this lawsuit.

26. Shortly before April 6, 2020, Dasari engaged Ryan Botkin and John D. Saba, Jr. on Novedea's behalf and directed them to file this lawsuit.

27. Katamaraja was not consulted and did not approve the engagement of Ryan Botkin and John D. Saba, Jr. on Novedea's behalf.[28]

28. Katamaraja was not consulted and did not approve the filing of this lawsuit on Novedea's behalf.[29]

29. Dasari did not seek or receive the approval of Novedea's Board of Directors before hiring Ryan Botkin and John D. Saba, Jr. to represent Novedea.[30]

30. Dasari did not seek or receive the approval of Novedea's Board of Directors before directing Ryan Botkin and John D. Saba, Jr. to file this lawsuit on Novedea's behalf.[31]

31. Katamaraja was not consulted and did not approve the engagement of Gene Hamm II, John P. Martin, and The Hamm Firm on Novedea's behalf.[32]

32. Dasari did not seek or receive the approval of Novedea's board of directors before he hired Gene Hamm II, John P. Martin, and The Hamm Firm to represent Novedea.[33]

33. Dasari is currently controlling Novedea's prosecution of this lawsuit.

34. Novedea's board of directors does not wish to continue to pursue any of its asserted claims in this lawsuit.[34]

---

[28] *Id.* at ¶ 10.
[29] *Id.* at ¶ 12.
[30] *Id.* at ¶ 13.
[31] *Id.* at ¶ 14.
[32] *Id.* at ¶ 16.
[33] *Id.* at ¶ 18.
[34] *See* Katamaraja Aff., Ex. R.

### III.   ARGUMENT

Novedea is a for-profit corporation that is managed by its Board of Directors. Since 2012, Katamaraja has been Novedea's sole Director. Therefore, Katamaraja is the only person with the authority to have Novedea file and prosecute this lawsuit. Under Texas law, Dasari, a mere shareholder, unequivocally lacks the authority to authorize Novedea to file this lawsuit.

**A. The Court must dismiss all of Novedea's claims because Dasari lacked authority to direct Novedea to file this lawsuit and lacks authority to control Novedea's prosecution of this case.**

As a shareholder, Dasari lacked the authority to have Novedea file this lawsuit and lacks the authority to control Novedea's prosecution of this case. It is black letter law that a Texas "corporation's board of directors, **not its shareholders**, 'exercise[s] or authorize[s] the exercise of the powers of the corporation' and 'direct[s] the management of the business and affairs of the corporation.'"[35]

Novedea's Articles of Incorporation set the size of its board of directors to be one.[36] And on February 27, 2012, Novedea's Articles of Incorporation were amended to name Mr. Katamaraja as the company's only director.[37]

And Mr. Katamaraja remains Novedea's sole director because no other director has ever been elected and qualified.[38] Under Texas law, a director's term "extends from the date the director

---

[35] *Hanmi Fin. Corp. v. SWNB Bancorp, Inc.*, No. 4:18-3546, 2019 WL 937195, at *14 (S.D. Tex. Feb. 26, 2019) (citing TEX. BUS. ORG. CODE ANN. § 21.401(a)) (emphasis added).

[36] *See* Katamaraja Aff., Ex. A (Novedea's Articles of Incorporation); TEX. BUS. ORG. CODE § 21.403 ("[T]he number of directors shall be set by, or in the manner provided by, the certificate of formation."). "Certificate of formation" and "articles of incorporation" are considered synonymous terms by the Texas Business and Organizations Code. TEX. BUS. ORG. CODE ANN. § 1.006(1).

[37] *See* Katamaraja Aff., Ex. I at 2.

[38] TEX. BUS. ORG. CODE § 21.407.

is elected and qualified *or named in the corporation's certificate of formation* until the next annual meeting of shareholders and *until the director's successor is elected and qualified*."[39]

This fact is reflected in every one of Novedea's Texas Franchise Tax Public Information Reports that it filed from 2012 to the present because they all identify Katamaraja as Novedea's only director.[40] Therefore, as Novedea's only director, only Katamaraja has power to exercise the powers of the corporation and direct the management of Novedea's business and affairs,[41] which means that only Katamaraja has the authority to authorize and control this lawsuit.

By contrast, Dasari has never been elected as a director of Novedea. Dasari is a shareholder and former officer of Novedea, but under Texas law, neither a shareholder nor an officer is entitled to exercise the powers of a Texas corporation or direct the management of its business and affairs because those powers are reserved for the board of directors.[42]

Nevertheless, Novedea's attorneys filed this lawsuit based solely on Dasari's approval. This was improper because Dasari neither consulted with nor received the approval of Novedea's board of directors. Simply put, the shareholder of a Texas corporation cannot authorize the filing of a lawsuit on behalf of the corporation. If this were not the case, then anyone could simply buy a single share of Nike and then start filing lawsuits on Nike's behalf—an absurd result.

---

[39] TEX. BUS. ORG. CODE § 21.407 (emphasis added).

[40] *See* Katamaraja Aff., Exs. J, K, L, M, N, O, P, Q.

[41] TEX. BUS. ORG. CODE § 21.401(a).

[42] TEX. BUS. ORG. CODE § 21.401(a); *see also Harrison v. City of San Antonio*, 695 S.W.2d 271, 274-75 (Tex. App. 1985); *Nolana Open MRI Ctr., Inc. v. Pechero*, No. 13-13-00552-CV, 2015 WL 601916, at *9 (Tex. App.—Corpus Christi-Edinburg Feb. 12, 2015, no pet.) (mem. op.); *Square 67 Development Corp. v. Red Oak State Bank*, 559 S.W.2d 136, 138 (Tex. Civ. App. 1977); *Nanney Chev. v. Evans Moses*, 601 S.W.2d 411, 413 (Tex. Civ. App. 1980); *Candle Meadow Homeowners Ass'n v. Jackson*, No. 05-17-01227-CV, 2018 WL 6187616 at *6-7 (Tex. App.—Dallas Nov. 27, 2018); *Street Star Designs, LLC v. Gregory*, 2011 WL 3925070 at *11-15 (S.D. Tex. Sept. 7, 2011).

Accordingly, the Court must dismiss Novedea's claims because Novedea's Board of Directors never authorized the filing of this lawsuit and does not wish to continue it.[43]

**B. No Additional Discovery is Needed to Resolve this Motion.**

"A party cannot evade summary judgment simply by arguing that additional discovery is needed" but instead must "explain what discovery [it] did have, why it was inadequate, and what [it] expected to learn from further discovery." *Rutherford v. Muniz*, 280 Fed. Appx. 337, 339 (5th Cir. 2008); *Waterman v. McKinney Indep. Sch. Dist.*, 2014 U.S. Dist. LEXIS 79269, at *11 (E.D.Tex. Jun. 11, 2014) (quoting *Bauer v. Albemarle Corp.*, 169 F.3d 962, 968 (5th Cir. 1999) and citing *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284-85 (5th Cir. 1981)).

As demonstrated above, the instant Motion is based on the corporate filings and records of Novedea over the relevant time period, which Katamaraja's affidavit serves to authenticate. They are the best evidence, speak for themselves, and are entirely consistent on the portions of probative value to this Motion. Plaintiffs have had ample time to produce any evidence that corporate elections occurred to alter the Board from the foregoing. *See* Dkt. 23 at 7-8. No such records exist because Katamaraja remains the sole director. Accordingly, no amount of additional discovery will create a genuine issue of material fact here, and partial summary judgment is appropriate.

## IV.   CONCLUSION

It is black letter law that Dasari, as a shareholder of a Texas corporation, lacks authority to file this lawsuit without authorization. Only Novedea's Board has the power to authorize a lawsuit in Novedea's name. Novedea's Board of Directors did not authorize the filing of this lawsuit and does not want to continue to pursue it. Therefore, the Court should dismiss all of Novedea's claims.

---

[43] Katamaraja Aff. at ¶¶ 10-20; s*ee* Katamaraja Aff., Ex. R (Written Consent of the Board of Directors of Novedea).

Dated: January 27, 2021        Respectfully submitted,

*/s/ Rajkumar Vinnakota*
Rajkumar Vinnakota, Lead Attorney
Texas Bar No. 24042337
Sean N. Hsu
Texas Bar No. 24056952
Janik Vinnakota LLP
8111 LBJ Freeway, Suite 790
Dallas, TX 75251
Tel.: (214) 390-9999
Fax: (214) 586-0680
kvinnakota@jvllp.com
shsu@jvllp.com

COUNSEL FOR DEFENDANTS
COLABERRY, INC. AND
RAM KATAMARAJA

### CERTIFICATE OF SERVICE

I certify that a copy of this pleading was electronically filed with the Clerk of the Court on January 27, 2021 by using the CM/ECF system which will send a notice of electronic filing to Filing Users and that each attorney representing the Plaintiff is a filing user. A copy of the sealed filing was also served on each attorney representing the Plaintiff via electronic mail.

*s/ Rajkumar Vinnakota*
Rajkumar Vinnakota

### AUTHORIZATION TO FILE UNDER SEAL

Pursuant to the Protective Order previously entered in this case, Defendants are filing the instant motion and its exhibits under seal because the contents contain sensitive financial information that has been designated confidential, highly confidential and/or attorneys' eyes only. Dkt. 38.

*s/ Sean N. Hsu*
Sean N. Hsu