# EXHIBIT "3"

CAUSE NO. **12-00995**

| | | |
|---|---|---|
| RAMDHAN YADAV KOTAMARAJA and ANANDA BABU DASARI, | § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| v. | § § | DALLAS COUNTY, TEXAS |
| INTELLISEE GROUP, INC., SRIHARI GOVINDARAJAN, and SURESH RAJAPPA, | § § § § | |
| Defendants. | § | **68th-C** JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION, REQUEST FOR INJUNCTIVE RELIEF, AND REQUEST FOR DISCLOSURES

### DISCOVERY CONTROL PLAN

1. Plaintiffs intend that discovery be conducted under Level 3.

### PARTIES

2. RAMDHAN YADAV KOTAMARAJA, Plaintiff, is an individual and a resident of Dallas County, Texas. Said Plaintiff appears herein both in his individual capacity and in his capacity as a director and shareholder of Novedea Systems, Inc.

3. ANANDA BABU DASARI, Plaintiff, is an individual and a resident of Collin County, Texas. Said Plaintiff appears herein both in his individual capacity and in his capacity as a director and shareholder of Novedea Systems, Inc.

4. INTELLISEE GROUP, INC., Defendant, is a Texas corporation with its only offices in Dallas County, Texas. Service of process may be effected as follows:

> Viswanath Palepu, Registered Agent
> Intellisee Group, Inc.
> 10331 Sandbar Drive
> Irving, Texas 75063-5421

5. SRIHARI GOVINDARAJAN, Defendant, is an individual and a resident of Collin County, Texas. Said Defendant is being sued herein in his individual capacity, in his capacity as a director of Novedea Systems, Inc., and in his capacity as the owner, a director, a shareholder, or an employee of Defendant Intellisee Group, Inc. Service of process may be effected at said Defendant's home address as follows:

> Srihari Govindarajan
> 4400 Creekstone Drive
> Plano, Texas 75093-6983

Alternatively, service of process may be effected at said Defendant's work address as follows:

> Srihari Govindarajan
> Intellisee Group, Inc.
> 1200 West Walnut Hill Lane, Suite 3000
> Irving, Texas 75038

6. SURESH RAJAPPA, Defendant, is an individual and a resident of Dallas County, Texas. Said Defendant is being sued herein in his individual capacity, in his capacity as a director of Novedea Systems, Inc., and in his capacity as a director, a shareholder, or an employee of Defendant Intellisee Group, Inc. Service of process may be effected at said Defendant's home address as follows:

> Suresh Rajappa
> 9015 Jasmine Lane
> Irving, Texas 75063

Alternatively, service of process may be effected at said Defendant's work address as follows:

> Suresh Rajappa
> Intellisee Group, Inc.
> 1200 West Walnut Hill Lane, Suite 3000
> Irving, Texas 75038

## JURISDICTION

7. The Court has personal jurisdiction of Defendants because Defendants reside in Texas, have an agent in Texas, do business in Texas, and/or may be found in Texas.

8. The Court has subject matter jurisdiction of this cause because Plaintiff's claims are brought under Texas law and the amount in controversy is within the Court's jurisdiction.

## VENUE

9. Venue lies in this Court under section 15.002(a) of the Texas Civil Practices and Remedies Code because this county is: (1) the county in which all or a substantial part of the events or omissions giving rise to the claims occurred; (2) the county of Defendants' principal office in this state; and/or (3) the county in which Plaintiffs resided at the time of the accrual of the cause of action.

## STATEMENT OF FACTS FOR ALL CLAIMS

10. Novedea Systems, Inc. (Novedea) was formed in May, 2005. Novedea's business pursuit is to train and place workers at information technology (IT) companies throughout the United States, with an emphasis on placing workers who are primarily citizens of the United States or non-citizens of the United States who are citizens of India.[1]

11. There are four directors of Novedea: Plaintiffs Ramdhan Yadav Kotamaraja (Kotamaraja) and Ananda Babu Dasari (Dasari), and Defendants Srihari Govindarajan (Govindarajan) and Suresh Rajappa (Rajappa). Kotamaraja owns 35 percent of the shares of Novedea,

---

[1] See *Affidavit of Ramdhan Yadav Kotamaraja*, a true, complete, and correct copy of which is attached hereto as Exhibit 1, ¶ 3. The affidavit is incorporated herein for all purposes.

Govindarajan owns 39 percent of the shares, Rajappa owns 8.5 percent of the shares, and Dasari owns 17.5 percent of the shares.[2]

12. In late 2009, Novedea was a modestly-profitable business with gross monthly revenues of approximately $25,000. However, the revenues of Novedea began to rapidly grow, and by 2011 Novedea had become a very profitable enterprise. Now gross monthly revenues average $165,000.[3]

13. Kotamaraja and Dasari recently learned that in June 2011, Govindarajan and Rajappa formed another company, Defendant Intellisee Group, Inc. (Intellisee), which directly competes with Novedea in the IT industry. Govindarajan is the owner of Intellisee. Kotamaraja and Dasari also learned that Govindarajan lured Rajappa away from Novedea to form Intellisee. Rajappa enticed a key trainer, Kishan Chandra Golla, away from Novedea to work at Intellisee. Rajappa did this under the guidance and approval of Govindarajan.[4]

14. Further, Kotamaraja and Dasari learned that Intellisee was contacting clients of Novedea to sell them services, in direct competition with Novedea. Moreover, Intellisee is using the accountant employed by Novedea, Christopher Palaparthi, as the accountant for Intellisee, which threatens the disclosure of Novedea's confidential financial information to Intellisee.[5]

15. On January 21, 2012, a meeting was held of the directors and shareholders of Novedea. The attendees were Kotamaraja, Govindarajan, Rajappa, and Dasari. Kotamaraja and Dasari confronted Govindarajan and Rajappa with the knowledge that they had formed Intellisee.[6]

---

[2] *Id.*, ¶ 4.
[3] *Id.*, ¶ 5.
[4] *Id.*, ¶ 6.
[5] *Id.*, ¶ 7.
[6] *Id.*, ¶ 8.

16. At the January 21, 2012 meeting, Govindarajan agreed with the other directors and shareholders of Novedea to work together to dissolve Novedea, or for Govindarajan and Rajappa to sell their shares to Novedea to the other shareholders, or for the shareholders to sell Novedea to a third party. The directors and shareholders agreed to meet again on February 11, 2012 to take action regarding one of the three options.[7]

17. On January 24, 2012, Kotamaraja and Dasari learned that Govindarajan had the exterior lock to the entrance to Novedea's office changed without notice to anyone else at Novedea, and that only Govindarajan has a key to the new lock. This action by Govindarajan makes it impossible for employees to enter the offices of Novedea and perform their jobs.[8]

18. Novedea maintains two bank accounts. The Bank of America account contains approximately $100,000. The First Financial Bank of Texas account holds approximately $150,000. Only Kotamaraja and Govindarajan know the passwords to the accounts.

19. On January 24, 2012, Kotamaraja learned that Govindarajan changed the passwords to the two Novedea bank accounts. Because of this, Novedea currently cannot carry out essential corporate functions, such as issuing payroll checks (which, bi-monthly, exceed $50,000), processing accounts receivable, or issuing checks for accounts payable.

20. All conditions precedent to Plaintiffs' claims have been performed or have occurred.

---

[7] *Id.*, ¶ 9.
[8] *Id.*, ¶ 10.

## CAUSES OF ACTION

### Cause of Action Number One:

### Common Law Fraud

21. All prior allegations are incorporated herein as if set forth verbatim.

22. Defendants committed fraud because:

    a. Defendants made material representations to Plaintiffs;

    b. the representations were false;

    c. Defendants knew their representations were false when they made them, or they made them recklessly as positive assertions without knowledge of their truth;

    d. Defendants made the representations with the intent that they be acted upon;

    e. Plaintiffs' took action in reliance upon the representations; and

    f. Plaintiffs thereby suffered injury.

23. At the meeting on January 21, 2012, Defendants agreed to work out a peaceful resolution to the conflicts between Plaintiffs and Defendants. However, Defendants knew their statements were false when they made them, and they had actual knowledge that Plaintiffs would rely on the representations to their detriment by not taking actions to protect the security of the Novedea office and bank accounts. Plaintiffs have been injured by Defendants' conduct because they are unable to enter the Novedea office to conduct business, nor are they able to access the bank accounts to issue paychecks or payments for accounts payable, or process accounts receivable.

24. Plaintiffs' seek actual damages, jointly and severally, for Defendants' common law fraud of at least $50,000.

25. Pursuant to section 41.003, Civil Practice and Remedies Code, Plaintiffs seek exemplary damages against Defendants, jointly and severally, of at least $100,000.

## Cause of Action Number Two:

### Statutory Fraud

26. All prior allegations are incorporated herein as if set forth verbatim.

27. This claim is brought by Plaintiffs against Defendants under section 27.01 of the Business and Commerce Code.

28. Defendants committed statutory fraud because:

   a. there was transaction involving real estate or stock in a corporation;

   b. Defendants made false representations of past or existing material facts;

   c. Defendants made the false representations to Plaintiffs for the purpose of inducing Plaintiffs to enter into a contract; and

   d. Plaintiffs relied on Defendants' misrepresentations in entering into the contract.

29. Alternatively, Defendants committed statutory fraud because:

   a. Defendants made false promises to do an act; and

   b. the false promises were material, made with the intention of not fulfilling them, made to Plaintiffs for the purpose of inducing them to enter into a contract, and relied on by Plaintiffs in entering into the contract.

30. At the meeting on January 21, 2012, Defendants agreed to work out a peaceful resolution to the conflicts between Plaintiffs and Defendants. However, Defendants knew their statements were false when they made them, and they had actual knowledge that Plaintiffs would rely on the representations to their detriment by not taking actions to protect the security of the Novedea office and bank accounts. Plaintiffs have been injured by Defendants' conduct

because they are unable to enter the Novedea office to conduct business, nor are they able to access the bank accounts to issue paychecks or payments for accounts payable, or process accounts receivable.

31. Plaintiffs' seek actual damages, jointly and severally, for Defendants' statutory fraud of at least $50,000.

32. Because Defendants' false representations and/or false promises were made with actual awareness of their falsity, Plaintiffs seek exemplary damages from Defendants, jointly and severally, of at least $100,000.

## Cause of Action Number Three:

## Common Law Breach of Fiduciary Duty

33. All prior allegations are incorporated herein as if set forth verbatim.

34. Defendants committed common law breach of fiduciary duty because:

    a. there was a fiduciary relationship between Plaintiffs and Defendants;

    b. Defendants breached their fiduciary duties to Plaintiffs; and

    c. there was an injury to Plaintiffs or a benefit to Defendants as a result of Defendants' breach.

35. Defendants breached their fiduciary duties to Plaintiffs in the following ways:

    a. Defendants formed a business, Defendant Intellisee, that directly competes with Novedea;

    b. Defendant Govindarajan lured Defendant Rajappa away from Novedea to form Intellisee; and

DASARI 000014

   c. Defendant Rajappa enticed a key trainer, Kishan Chandra Golla, away from Novedea to work at Defendant Intellisee. Defendant Rajappa did this under the guidance and approval of Defendant Govindarajan.

36. At the meeting on January 21, 2012, Defendants agreed to work out a peaceful resolution to the conflicts between Plaintiffs and Defendants. However, Defendants knew their statements were false when they made them, and they had actual knowledge that Plaintiffs would rely on the representations to their detriment by not taking actions to protect the security of the Novedea office and bank accounts. Plaintiffs have been injured by Defendants' conduct because they are unable to enter the Novedea office to conduct business, nor are they able to access the bank accounts to issue paychecks or payments for accounts payable, or process accounts receivable.

37. Plaintiffs' seek actual damages, jointly and severally, for Defendants' breach of fiduciary duty of at least $50,000.

38. Because Defendants' breaches of their fiduciary duties were made with actual awareness of their effects, Plaintiffs seek exemplary damages against Defendants, jointly and severally, of at least $100,000.

## Cause of Action Number Four:

## Theft or Misappropriation of Trade Secrets

39. All prior allegations are incorporated herein as if set forth verbatim.

40. Defendants committed theft or misappropriation of trade secrets because:

   a. Defendants stole or misappropriated Plaintiffs' trade secrets, consisting of customer lists and methods of doing business;

    b. Plaintiffs' trade secrets consist of formulas, patterns, devices, or compilations of information that is used in the information technology business that presents an opportunity to obtain an advantage over competitors who do not know or use it; and

    c. Defendants used Plaintiffs trade secrets to their advantage and Plaintiffs' detriment.

41. Plaintiffs' seek actual damages, jointly and severally, for Defendants' theft or misappropriation of trade secrets of at least $50,000.

42. Because Defendants' theft or misappropriation of trade secrets was done with actual awareness of its effects, Plaintiffs seek exemplary damages against Defendants, jointly and severally, of at least $100,000.

## REQUEST FOR INJUNCTIVE RELIEF

**A.    Statute**

43. Plaintiffs' application for injunctive relief is authorized by chapter 65 of the Civil Practice and Remedies Code.

**B.    Injunctive Relief Requested**

44. Plaintiffs move the Court to issue a temporary restraining order which grants the following relief:

    a. Order an immediate accounting of all of Novedea's assets and liabilities, including, but not limited to, bank accounts, accounts receivable, and accounts payable.

    b. Order that no employee of Novedea be terminated from employment pending the trial on the temporary injunction, other than for cause as solely determined by Plaintiffs or by the unanimous consent of the directors and shareholders.

c. Order that no new employee be hired to work at Novedea pending the hearing on the temporary injunction, other than by the unanimous consent of the directors and shareholders.

d. Order that Govindarajan immediately reveal to Kotamaraja all passwords to Novedea bank accounts.

e. Order that no password to a Novedea bank account be changed, other than by agreement between Govindarajan and Kotamaraja.

f. Order that any check issued from a bank account held by Novedea by cosigned by Govindarajan and Dasari.

g. Order that no director or shareholder of Novedea discuss any matter related to this litigation with any employee of Novedea, other than another director or shareholder.

h. Order that Intellisee forebear from hiring any employee of Novedea pending the hearing on the temporary injunction.

i. Order that Intellisee (including any officer, director, employee, agent, or attorney of Intellisee) immediately return any trade secret of Novedea (including any and all originals and copies), and forebear from any use of any trade secret of Novedea.

C.   **Basis for Injunctive Relief**

45. It is probable that Plaintiffs will recover from Defendants after a hearing on the merits because compelling evidence exists that Defendants committed fraud, breached their fiduciary duties to Plaintiffs, and stole and/or misappropriated trade secrets of Novedea. Without notice to Plaintiffs, Defendants formed a corporation, Intellisee, that directly competes with Novedea. Defendants have contacted Novedea's customers and lured away its employees. Defendants changed the passwords to bank accounts held by Novedea and the

lock to Novedea's office, significantly interfering with the operations of Novedea. Defendants employed Novedea's accountant, threatening the release of Novedea's confidential financial information to Intellisee.

46. If Plaintiffs' application for injunctive relief is not granted, harm is imminent because Novedea's employees cannot carry out their job responsibilities because they have no access to Novedea's office. The real threat exists that Novedea will lose clients because Novedea employees cannot service them. Moreover, Novedea's payroll cannot be paid and the risk exists that Novedea will lose key employees who may seek employment elsewhere. Harm is imminent because Intellisee will in all likelihood continue to hire away Novedea employees and use Novedea trade secrets. The harm would be irreparable because it is probable that Novedea could not regain the clients or employees it would lose should Defendants' conduct not be restrained. Plaintiffs have no adequate remedy at law because the damages attendant to the injuries are incalculable.

47. Plaintiffs are willing to post a bond.

48. Ex parte relief is appropriate herein because there is not enough time to serve notice on Defendants and to hold a hearing on the application.

### D.  Request for Hearing

49. Plaintiffs pray that the Court:

    a. issue an ex parte temporary restraining order;

    b. set Plaintiff's application for a temporary injunction for hearing and, upon notice and hearing, issue a temporary injunction; and

    c. set this matter for final trial and, after a trial on the merits, issue a permanent injunction.

## RELIEF REQUESTED

### A. Actual Damages

50. Plaintiffs seek all their actual damages from Defendants, jointly and severally, as set forth herein.

### B. Exemplary Damages

51. Plaintiffs seek all their actual damages from Defendants, jointly and severally, as set forth herein.

### C. Attorney's Fees

52. In addition to any other relief requested herein, Plaintiffs seek all reasonable and necessary attorney's fees from Defendants, jointly and severally, including attorney's fees in the event of an appeal, under subsection 27.01(e) of the Business and Commerce Code, or under any other mechanism at law or in equity;

### D. Costs of Court

53. Plaintiffs seek all their costs of court from Defendants under Rule 131, Texas Rules of Civil Procedure, and under subsection 27.01(e) of the Business and Commerce Code, or under any other mechanism at law or in equity;

### E. Injunctive Relief

54. Plaintiffs seek all the injunctive relief requested herein.

### F. Other Relief

55. Plaintiffs seek all other relief, at law or in equity, including, but not limited to, prejudgment and postjudgment interest at the maximum rate allowed by law.

## REQUEST FOR DISCLOSURE

56. Pursuant to Rule 194, Texas Rules of Civil Procedure, Plaintiffs request that Defendants disclose, within 50 days of service of this request, the information and material described in Rule 194(a)-(l).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that the Court grant all the injunctive relief requested herein. In addition, Plaintiffs pray that upon final hearing hereof, final judgment be entered:

(1) in favor of Plaintiffs and against Defendants on all of Plaintiff's causes of action;

(2) that Plaintiffs recover all their actual damages from Defendants, jointly and severally;

(3) that Plaintiffs recover exemplary damages from Defendants, jointly and severally;

(4) that Plaintiffs recover all their costs of court from Defendants, jointly and severally, under Rule 131, Texas Rules of Civil Procedure, under subsection 27.01(e) of the Business and Commerce Code, or under any other mechanism at law or in equity;

(5) that Plaintiffs recover all their attorney's fees from Defendants, jointly and severally, including fees in the event of an appeal, under subsection 27.01(e) of the Business and Commerce Code, or under any other mechanism at law or in equity; and

(6) that Plaintiffs have such other and further relief, at law or in equity, to which they may be otherwise entitled.

Respectfully submitted,

AKULA & ASSOCIATES, P.C.

By: _____
Kavitha Akula
Texas Bar No. 24059365
Jon A. Haslett
Texas Bar No. 00795141
Heritage Square I
4835 LBJ Freeway, Suite 750
Dallas, Texas 75244-6005
Telephone: (972) 241-4698
Facsimile: (972) 241-4439
*Attorneys for Plaintiffs*

## CERTIFICATION PURSUANT TO LOCAL RULE 2.02

Pursuant to Local Rule 2.02, I hereby certify that:

(1) to the best of my knowledge, Defendants are not represented in this matter by counsel;
(2) irreparable harm is imminent and there is insufficient time to notify Defendants;
(3) to notify Defendants would impair or annul the Court's power to grant relief because the subject matter of the application could not be accomplished if notice were required; and
(4) to the best of my knowledge, this case is not subject to transfer under Local Rule 1.06.

_____
Jon A. Haslett