# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| NOVEDEA SYSTEMS, INC. and ANAND DASARI, § § § § Plaintiffs, § § v. § § COLABERRY, INC. and RAM KATAMARAJA, § § § Defendants. § § | Case No. 6:20-cv-00180-JDK |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Katamaraja's Motion for Partial Summary Judgment Against Novedea Systems, Inc. for Lack of Authority (Docket No. 64) and Defendant Colaberry's Motion for Summary Judgment Against Dasari for *Forum Non Conveniens* (Docket No. 66). For the following reasons, the Court **GRANTS IN PART** Katamaraja's motion and **DENIES** Colaberry's motion.

### I.   Background

Ram Katamaraja and Anand Dasari are longtime business partners and cofounders of Novedea Systems, Inc. and Colaberry, Inc. Docket No. 64, Exs. F & G. As of 2012, Katamaraja and Dasari were equal owners of Novedea. Docket No. 32, Attach. 1. Katamaraja was "the sole member of [Novedea's] initial Board of Directors," President, and Chief Executive Officer. Docket No. 64, Ex. G. Dasari was

1

named Secretary, and later assumed the positions of Vice President and Chief Operating Officer of Novedea. *Id.*; Docket No. 94, Ex. A, Ex. 6 at 38.

Also in 2012, Colaberry was founded. Docket No. 66, Ex. D. Colaberry's current certificate of incorporation has been in place since early 2018. *Id.* It was approved by both Katamaraja and Dasari and includes the following forum selection clause:

> Unless the Corporation consents in writing to the selection of an alternative forum, the Court of Chancery of the State of Delaware shall be the sole and exclusive forum for . . . (ii) any action asserting a claim of breach of fiduciary duty owed by any director, officer or other employee of the Corporation to the Corporation or the Corporation's stockholders, (iii) any action asserting a claim arising pursuant to any provision of the [General Corporation Laws of the State of Delaware], or (iv) any action asserting a claim governed by the internal affairs doctrine.

Docket No. 66, Ex. D, Art. VI, § 8.

In early 2020, the two partners were discussing the terms of a buyout that would have shifted 100% of Novedea's ownership to Katamaraja. *See* Docket No. 22, Ex. 1-I. But that discussion stalled and, three days later, Dasari directed the filing of this lawsuit purportedly on behalf of himself and Novedea without consulting Katamaraja or gaining board approval. Docket No. 1; Docket No. 64, Attach. 1. Three weeks later, Katamaraja—acting as the board of directors—removed Dasari from all official positions at Novedea. Docket No. 64, Attach. 1. And Novedea's board (Katamaraja) resolved on January 26, 2021, that Novedea did not and never wanted to be a party to this lawsuit. *Id.*, Ex. R.

Now before the Court are two summary judgment motions: one seeking dismissal of all claims by Novedea because Dasari lacked the authority to file a

lawsuit for the company, Docket No. 64; and one seeking dismissal of certain claims against Colaberry because they are subject to a valid forum selection clause, Docket No. 66.

## II.    Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  A dispute is genuine if the evidence would allow a reasonable jury to return a verdict for the nonmovant, and a fact is material if it could affect the case's outcome. *Batyukova v. Doege*, 994 F.3d 717, 724 (5th Cir. 2021); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  In determining whether a genuine issue of material fact exists, the Court views all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Valderas v. City of Lubbock*, 937 F.3d 384, 388 (5th Cir. 2019).

## III.   Defendant Katamaraja's Motion

Katamaraja argues that Dasari lacks the authority to sue on Novedea's behalf, and thus seeks dismissal of all claims brought by Novedea. *See generally* Docket No. 64.  Plaintiffs respond that Dasari's authority derives from his standing "as a longtime manager and corporate officer" of Novedea, or alternatively, as a shareholder bringing a derivative action. *See* Docket No. 94, Ex. A at 6; Docket No. 63, Count VI.  As explained below, Plaintiffs' first argument fails and the second fails in part.

3

"Generally, an officer of the corporation may not authorize the pursuit of litigation without a delegation of authority from the board of directors."[1] *Candle Meadow Homeowners Assoc'n v. Jackson*, No. 05-17-01227-CV, 2018 WL 6187616, at *3 (Tex. App.—Dallas Nov. 27, 2018); *Nolana Open MRI Ctr., Inc. v. Pechero*, No. 13-13-00552-CV, 2015 WL 601916, at *9 (Tex. App.—Corpus Christi Feb. 12, 2015) ("[G]enerally, the pursuit of litigation is not considered to fall within the parameters of the ordinary course of business so as to authorize one member of a corporation to direct the action of filing suit or appeal. . . . The same is true of equal shareholders."). Here, Dasari has presented no evidence that Novedea's board authorized him to bring this lawsuit. In fact, Novedea's board has since resolved that the company wants no part of this litigation. Docket No. 64, Ex. R.

Plaintiffs alternatively claim that Dasari is suing on behalf of Novedea in a shareholder-derivative capacity. Federal Rule of Civil Procedure 23.1 allows "one or more shareholders . . . [to] bring a derivative action to enforce a right that the corporation or association may properly assert but has failed to enforce." But derivative-action complaints must meet certain pleading requirements, including a particularized statement describing "any effort by the plaintiff to obtain the desired action from the directors . . . and the reasons for not obtaining the action or making the effort." FED. R. CIV. P. 23.1(b). And under Texas law, the shareholder must first demand that the corporation take action before bringing suit, stating with

---

[1] This general rule can be modified by the shareholders, *see* TEX. BUS. ORGS. CODE §§ 21.701 & 21.714, but there is no evidence of such a modification here.

particularity the act that is the subject of the claim. *Sneed v. Webre*, 465 S.W.3d 169, 184 (Tex. 2015); *see also* TEX. BUS. ORGS. CODE §§ 21.551–.563.[2]

Katamaraja argues that Dasari never made such a pre-suit demand, which is fatal to Novedea's claims. For corporations with fewer than thirty-five shareholders, however, the demand requirement "do[es] not apply to a claim or derivative proceeding by a shareholder . . . against a director, officer, or shareholder of the corporation." TEX. BUS. ORGS. CODE § 21.563(b); *Sneed*, 465 S.W.3d at 184 ("[T]he statutory demand requirement does not apply to shareholder derivative proceedings brought on behalf of closely held corporations."). Thus, because Novedea has only two shareholders, Dasari was not required to make a pre-suit demand before bringing claims against Katamaraja, a Novedea director.

The demand requirement nevertheless applies to claims "made against a person who is not that director, officer, or shareholder." TEX. BUS. ORGS. CODE § 21.563(b). This means that Dasari must show he demanded Novedea's board take action against Colaberry before bringing this suit. *Sneed*, 465 S.W.3d at 184; *Sonics Int'l, Inc. v. Dorchester Enters., Inc.*, 593 S.W.2d 390, 392 (Tex. App.—Dallas 1980) (describing the demand requirement as making an effort to have the suit brought by the company's board of directors); *see also In re Schmitz*, 285 S.W.3d 451, 454–55 (Tex. 2009) (noting that there is no futility exception to the demand requirement).

---

[2] "Rule 23.1 clearly contemplates both [a] demand requirement and the possibility that demand may be excused," but it does not create such a substantive requirement. *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 96 (1991) (emphasis omitted). Instead, "the respective powers of the individual shareholder and of the directors to control corporate litigation clearly is a matter of substance, not procedure" and must be determined according to state law. *Id.* at 96–98 (internal quotations omitted).

And here, Dasari did not even attempt to show he satisfied this requirement until his sur-reply, leaving Katamaraja no ability to respond. Docket No. 89 at 4. *Cf. Domain Protection, LLC v. Sea Wasp, LLC*, No. 4:18-cv-792, 2019 WL 3219939, at *8 (E.D. Tex. July 17, 2019). In any event, Dasari's claimed pre-suit demand is insufficient as a matter of law because it does not include a demand that Novedea's board file this lawsuit.[3]

Even if it were sufficient, Texas law prohibits suits brought within ninety days of the demand unless the demand was rejected, the corporation is suffering irreparable injury, or irreparable injury would result from waiting. TEX. BUS. ORGS. CODE § 21.553. Dasari presents no evidence of a rejection, and the Court has previously denied Dasari's claims of irreparable injury. Docket No. 79 at 5.

Accordingly, Novedea's claims against Katamaraja may proceed as shareholder derivative claims by Dasari, but Novedea's claims against Colaberry must be dismissed for failure to satisfy the statutory demand requirement.

---

[3] Instead, the "demand" is an email from Dasari to Katamaraja sent in the course of buyout negotiations:
> I tried everything that I could to settle this dispute with you so we can move forward. I am disappointed that we haven't been able to do so. If you do not feel comfortable in this market buying me out under the terms we sent last week, I am confident that I can buy you out of Colaberry. If we can't get this settled by Sunday (4/5/2020) at noon, then you and Colaberry must immediately stop using the LMS platform. It is property of Novedea and Novedea is not being compensated for its use. Also, you are not authorized to take any actions going forward as CEO of Novedea without my agreement, I recently came to know that Colaberry is moving out of the Novedea's [sic] building. I would have appreciated you letting me know that as it has complications that I do not believe you have thought through including the upcoming maturity of our loan with Legacy Bank.

Docket No. 22, Ex. 1-I. And insofar as it can be interpreted as a "demand," it is a demand that Defendants stop injuring Novedea, not a demand that Novedea bring suit. *See Sonics Int'l*, 593 S.W.2d at 392.

## IV.     Defendant Colaberry's Motion

As noted above, Colaberry's Restated Certificate of Incorporation provides that any claim asserting breach of fiduciary duty, arising under Delaware corporate law, or governed by the internal affairs doctrine must be brought in Delaware Chancery Court.  Docket No. 66, Ex. D, Art. VI, § 8.  Colaberry seeks dismissal of certain claims subject to this clause.  As explained below, however, the Court concludes that Colaberry has waived its rights under the clause.

A party to a forum selection clause "waives its right if it (1) substantially invokes the judicial process in derogation of the forum selection clause and (2) thereby causes detriment or prejudice to the other party." *Hampton v. Equity Tr. Co.*, 736 F. App'x 430, 435 (5th Cir. 2018) (per curiam) (quoting *SGIC Strategic Glob. Inv. Cap., Inc. v. Burger King Europe GmbH*, 839 F.3d 422, 426–27 (5th Cir. 2016)).  Applying a similar test to an arbitration clause, the Fifth Circuit held in *Price v. Drexel Burnham Lambert, Inc.*, that the party waived its rights under the clause by waiting seventeen months to invoke it, engaging in extensive discovery, filing multiple answers, and submitting summary-judgment briefing.  791 F.2d 1156, 1159, 1162 (5th Cir. 1986).  *Cf., e.g., Williams v. Cigna Fin. Advisors, Inc.*, 56 F.3d 656, 661 (5th Cir. 1995) (finding that removing an action, filing a motion to dismiss, filing a motion to stay, and then answering and asserting counterclaims did not constitute waiver when there was no delay in invocation).

Colaberry's conduct here is similar to the party's actions in *Price*.  Colaberry waited fifteen months to invoke the forum selection clause—after filing a motion to

7

dismiss and abstain; noticing and requesting discovery and litigating several discovery disputes; and filing multiple counterclaims. Docket Nos. 20, 36, 48, & 50. This is not a case in which Colaberry minimally availed itself of this forum and moved for dismissal on *forum non conveniens* grounds as soon as possible. *Cf. Cigna*, 56 F.3d at 661. Further, Colaberry's repeated use of this Court, like the defendant in *Price*, prejudiced Plaintiffs by imposing fifteen months' worth of "mounting attorneys fees" and requiring answers to counterclaims, responses to motions, and participation in extensive discovery. *Price*, 791 F.2d at 1159.

Colaberry claims that it "promptly moved for summary judgment after Dasari admitted to the [forum selection] clause's validity." Docket No. 85 at 6. But the Court could have easily determined the clause's validity earlier had Colaberry presented the issue to the Court. *See Stellar Restoration Servs., LLC v. Courtney*, — F. Supp. 3d —, 2021 WL 1185960, at *12–16 (E.D. Tex. Mar. 30, 2021) (determining a forum selection clause's validity). Colaberry's only response to Dasari's asserted prejudice is to argue that Dasari would not be further prejudiced by dismissal. *Id.* That is insufficient. *Cf. Price*, 791 F.2d at 1162.

Accordingly, the Court finds that Colaberry has substantially invoked the judicial process in derogation of the forum selection clause and thereby prejudiced Dasari. Colaberry has thus waived its right to enforce the clause, and the Court denies its motion for partial summary judgment on this ground. *See Hampton*, 736 F. App'x at 435.

## V. Conclusion

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant Katamaraja's Motion for Partial Summary Judgment Against Novedea Systems, Inc. for Lack of Authority (Docket No. 64) and **DENIES** Defendant Colaberry's Motion for Summary Judgment Against Dasari for *Forum Non Conveniens* (Docket No. 66). Novedea's claims against Colaberry are hereby **DISMISSED WITHOUT PREJUDICE**.

So **ORDERED** and **SIGNED** this **13th** day of **August, 2021.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE